AMERICAN WOOLEN COMPANY, INCORPORATED, Plaintiff, *v.* MILLER-SCHULMAN CORP., Defendant.

Supreme Court, Special Term, New York County, November 4, 1954.

*Hays, Sklar, Epstein & Herzberg* for plaintiff.

*Jacobs, Leibowitz & Kahn* for defendant.

EDER, J. Plaintiff moves to strike out the third separate and distinct defense for insufficiency. The action seeks recovery of the purchase price. The third separate defense alleges that plaintiff is engaged in interstate commerce and that its sales are subject to the provisions and prohibitions of the Robinson-Pat-

man Act (U. S. Code, tit. 15, § 13 *et seq.*). By reason of the fact that the price charged to defendant was discriminatory and higher than that charged to defendant's competitors, it is claimed the sale is a violation of the act. The question of the legal sufficiency of the defense is controlled by the opinion of Mr. Justice JACKSON in *Bruce's Juices* v. *American Can Co.* (330 U. S. 743). The question there tendered was: "whether renewal notes representing the purchase price of goods sold and delivered are uncollectible if it is found that the vendor violated the Robinson-Patman Act, 49 Stat. 1526, 1528; 15 U. S. C. §§ 13, 13a." (p. 744.)

In considering the question, the opinion goes on to say: "The Act prescribes sanctions, and it does not make uncollectibility of the purchase price one of them." (p. 750.) "It is clear Congress intended to use private self-interest as a means of enforcement and to arm injured persons with private means to retribution when it gave to any injured party a private cause of action in which his damages are to be made good threefold, with costs of suit and reasonable attorney's fee." (Pp. 751–752.)

"Annexation of the proposed defense to the statute by implication either as an inference of unexpressed intention of Congress or as the result of some doctrine of common law, would be justified only if it would be at least a rational, nondiscriminatory and appropriate means of making the policy of the statute effective. To allow a buyer to get his goods for nothing because the seller violated the Act by giving someone else a greater discount, does not meet this test." (p. 752.)

In discussing the offensive remedy for the recovery of trice any injuries sustained by virtue of statute violation, the opinion states: "But that is not the principle of the defense here urged. The extent of its indemnity is not measured by injury, and not measured by the dealings affected with the alleged violation. It is measured solely by the amount of credit the buyer obtained from the seller. The seller would lose the amount carried in notes or in open account." (p. 753.)

"The defendant's claim to be freed of the obligation to pay his promissory note because the payee, as vendor of cans, made sales to others that when compared with sales to itself may be held unlawfully discriminatory, cannot be supported as resting on any congressional word or policy. Not only was this remedy not named by Congress, but it would be surprising if it had been, in view of the remedies Congress did give." (Pp. 756–757.)

''No reason suggests itself why Congress should have intended a remedy by which the victim of discrimination could recover by defense only one-third of what he could recover, on the same proof, by offense.'' (p. 757.)

It is clear, therefore, that while violation of the Robinson-Patman Act may be basis for offense, it is not the basis of defense. Defendant may not escape the payment of the purchase price by virtue of any claim based on alleged violation of the act.

The motion is granted and the third separate defense is dismissed.